### Baker *vs.* Wilkins.

Where, in an action for slander, the plaintiff is fully informed by the notice given by the defendant, of the facts the latter proposes to prove, on the trial, such evidence, if otherwise proper, will not be excluded merely because the notice states that such facts will be proved " in mitigation of damages;" instead of saying *in justification.*

The *effect* of the evidence to be given by a defendant, on the trial of an action for slander, is a matter of law and not of fact, and need not be stated in the defendant's notice of special matter, accompanying a plea of the general issue.

This was an action for slander.  The declaration set forth the actionable words complained of; among which were the following : " I believe it is a state prison crime for a man to give a woman medicine to procure an abortion.  Baker has given her (said Edith Hill meaning) female pills, and I expect the object is to procure abortion.  If Mrs. Hill should have him taken for diseasing her and giving her the medicine, he would have a hard one."

The defendant pleaded the general issue, and gave notice that he would prove, *in mitigation of damages,* that before the time, &c. at, &c. the said plaintiff administered to said Edith Hill, then being pregnant, certain drugs, substances, and medicines, and among other things a certain medicine called female pills, for the purpose and with the intent of procuring the miscarriage of the said Edith Hill, &c.  Also that the said plaintiff had had criminal intercourse with the said Edith Hill, and communicated to her the venereal disease.  The cause was tried before referees.  On the trial the plaintiff proved the speaking of the words, by the testimony of two witnesses, and rested.  The defendant then called, as a witness, Edith Hill; who testified that she lived in the plaintiff's family about seven months; that she left there about the 1st of May, 1844; that the plaintiff was a widower at the time.  The counsel for the defendant then offered to prove, by this witness, that during the time she lived with the plaintiff she cohabited with him;

Baker *v.* Wilkins.

that she became pregnant by him; that he had communicated to her the bad disorder; and that for the purpose of procuring her miscarriage, or abortion, the plaintiff had procured and administered to her female pills; and that female pills are a well known article of medicine, whose effect is to procure abortion. The plaintiff's counsel objecting, the referees excluded the evidence so offered to be given, *and every part thereof;* and the defendant's counsel excepted. These were the alleged errors complained of by the defendant. A report was made by the referees in favor of the plaintiff; which the defendant now moved to set aside.

*H. G. Wheaton,* for the plaintiff.

*H. Harris,* for the defendant.

*By the Court,* PARKER, J. The defendant offered to prove the truth of the slanderous words alleged in the declaration, which evidence was rejected by the referees. It is now argued that this evidence was inadmissible, because the notice stated that such facts would be proved "in mitigation of damages," not in *justification.* I do not think this is a sufficient ground for excluding the evidence. The plaintiff was fully apprized, by the notice, of the facts the defendant proposed to prove. The effect of such evidence was a matter of law, and not of fact, and need not have been stated in the notice. The plaintiff could not have been prejudiced by the words in the notice above quoted, and they may be rejected as surplusage.

The facts offered to be proved would have constituted an entire defence to a part, if not all, of the words spoken. They would have established the existence of the same crime imputed to the plaintiff. I see no good reason for saying that the words charged imputed a felony, and that the facts offered to be proved amounted only to a misdemeanor. The offence charged, as described by the defendant, was a misdemeanor, (2 *R. S.* 694, § 20;) and the opinion expressed by him, that it was punishable by imprisonment in the state prison, would not change

the character of the offence, so as to make it a felony, under the statute. (2 *R. S.* 661, § 9.) The defendant understood perfectly the nature of the crime charged upon the plaintiff, but not the kind of punishment to be inflicted upon the offender.

It is also said that more was offered to be proved than was set forth in the notice. This is true. But it is equally clear that each part of the evidence offered was objected to and excluded. It appears by the case that the referees excluded the evidence offered, " and every part thereof." We must therefore understand that each part of the evidence was separately offered, objected to, and excluded. It is unnecessary to examine the other points made by the defendant.

The report of the referees must be set aside, and a new trial granted. Costs to abide the event.

